WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Irma Montijo,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of the Social Security Administration,<br><br>    Defendant. | No. CV-19-1088-PHX-ESW<br><br>**ORDER** |

  Pending before the Court is Irma Montijo's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of her applications for disability insurance benefits and supplemental security income. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 11).

  After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 14, 15, 17), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained in Section II below, the decision

is reversed and the case is remanded to the Commissioner of Social Security for further proceedings.

## I. LEGAL STANDARDS

### A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). The Act also provides for supplemental security income to certain individuals who are aged 65 or older, blind, or disabled and have limited income. 42 U.S.C. § 1382. To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id.*

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. § 404.1520(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

**Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 404.1520(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id*.

**B. Standard of Review Applicable to ALJ's Determination**

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). "Substantial evidence" is less than a preponderance, but more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)).

---

[2]*Parra*, 481 F.3d at 746.

- 3 -

It is relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin*., 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Finally, the Court considers the harmless error doctrine when reviewing an ALJ's decision. An ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1964, has experience working a number of jobs, such as caregiver, retail cashier, packaging supervisor, cleanup worker, waitress, and plastics extruding machine operator. (A.R. 39, 50-52). On August 26, 2015, Plaintiff applied for disability insurance benefits and supplemental security income. (A.R. 201-08). Plaintiff's applications alleged that on December 15, 2013, Plaintiff became unable to work due to shoulder problem, back problem, knee problem, hand/wrist problem,

diabetes, asthma, depression, carpal tunnel, gout, and headaches. (A.R. 59-60, 75-76). Plaintiff subsequently amended the alleged onset date to December 28, 2014. (A.R. 48). Social Security denied the applications. (A.R. 127-34). In May 2016, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 136-48). Plaintiff sought further review by an ALJ, who conducted a hearing on October 12, 2017. (A.R. 36-56).

In a February 23, 2018 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 17-27). On December 14, 2018, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6). On February 15, 2019, Plaintiff filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

### B. The ALJ's Application of the Five-Step Disability Analysis

#### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 28, 2014, the amended alleged onset date. (A.R. 19). Neither party disputes this determination.

#### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: migraine headaches, diabetes mellitus, carpal tunnel syndrome, gout, chronic obstructive pulmonary disease, arthritis right knee, right rotator cuff tear, anxiety, and depression. (A.R. 19). This determination is unchallenged.

#### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 20). Neither party disputes the ALJ's determination at this step.

### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform the full range light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b), subject to a number of conditions, including the condition that Plaintiff is limited to performing simple, repetitive, and routine tasks. (A.R. 21-22). Based on the assessed RFC and testimony of the Vocational Expert ("VE") at the administrative hearing, the ALJ concluded that Plaintiff is unable to perform her past relevant work. (A.R. 25). Plaintiff argues that the ALJ improperly weighed the evidence in assessing her RFC.

### 5. Step Five: Capacity to Perform Other Work

Based on the assessed RFC and the testimony of the VE, the ALJ concluded that Plaintiff is capable of performing the requirements of representative occupations such as counter clerk, housekeeper/maid, and fast food worker. (A.R. 26). Plaintiff disputes this determination.

### C. Plaintiff's Challenge to the Weight Given to the Opinions of Examining Psychologist Andrew Jones, Ph.D.

In weighing medical source opinions in Social Security cases, there are three categories of doctors,: (i) treating doctors, who actually treat the claimant; (ii) examining doctors, who examine but do not treat the claimant; and (iii) non-examining doctors, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id.* at 830-31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining doctor's opinion in favor of another doctor's opinion without first providing specific and legitimate reasons that are supported by substantial evidence, such as finding that the doctor's opinion is inconsistent with and not supported by the record as a whole. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir.

2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

On December 17, 2015, consultative examiner Andrew Jones, Ph.D. conducted a psychological evaluation of Plaintiff. (A.R. 515-19). Dr. Jones diagnosed Plaintiff with moderately severe major depressive disorder and anxiety disorder. (A.R. 517). Dr. Jones opined that Plaintiff is "most likely mildly limited in her ability to remember locations and work-related procedures," is "moderately limited in her ability to maintain attention and concentration for extended periods," and has "at least moderate limitation in her ability to get along with others without exhibiting behavioral extremes." (A.R. 518-19). Dr. Jones also opined that "because of her level of anxiety, there is moderate limitation in her ability to complete a normal workday without interruptions from symptoms of anxiety. I would suspect she would also become quite distracted by coworkers, especially male coworkers." (A.R. 518).

The ALJ gave Dr. Jones' opinions "reduced weight," explaining that "the consultant examined the claimant on a one-time basis and had no treating relationship with the claimant." (A.R. 24). This is not a specific and legitimate reason for discounting Dr. Jones' opinions. "By definition, an examining physician does not have an ongoing relationship with a claimant." *Henderson v. Astrue*, 634 F.Supp.2d 1182, 1192 (E.D. Wash. 2009). An ALJ must consider the opinions of examining physicians and psychologists. *See* 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."); *Lester*, 81 F.3d at 830.

As another reason for discounting Dr. Jones' opinions, the ALJ stated that Dr. Jones' evaluation "lacked a comprehensive review of the medical evidence, which shows the claimant received no mental health treatment." (A.R. 24). The Court does not find that this is a specific and legitimate reason for discounting Dr. Jones' opinions. Dr. Jones personally examined Plaintiff and diagnosed Plaintiff with major depressive disorder and anxiety disorder. (A.R. 517). Dr. Jones observed that Plaintiff became tearful and

"increasingly anxious throughout the appointment and had difficulties with a test of concentration." (A.R. 518-19). Plaintiff's lack of prior mental health treatment does not negate Dr. Jones' opinions that are based on his personal observations and independent diagnoses.

For the above reasons, the Court concludes that the ALJ failed to provide legally valid reasons for discounting Dr. Jones' opinions. The Court finds that this error is harmful and requires remand.

### D. Plaintiff's Argument that the ALJ Failed to Adequately Develop the Record

Plaintiff argues that the ALJ also erred by failing to order a consultative physical examination. (Doc. 14 at 19).

An ALJ has an independent duty to fully and fairly develop the record regardless of whether claimant is represented by counsel. *Smolen v. Chater*, 80 F.3d 1273, 1283 (9th Cir. 1996). That duty is only triggered, however, where "there is ambiguous evidence or when the record is inadequate to allow for the proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001). Plaintiff has not persuaded the Court that there is ambiguous evidence or that the record was inadequate to allow for the proper evaluation of the evidence. The claimant bears the burden to show that her impairment or symptoms affect her ability to "perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001). The ALJ reasonably relied upon the interpretation of the existing medical evidence by the reviewing state agency doctors, who did not find the evidence inadequate to allow for a proper evaluation of Plaintiff's alleged impairments. Accordingly, the ALJ's duty to further develop the record was not triggered, and the ALJ did not err by failing to order a consultative physical exam.

### E. Constitutionality of ALJ's Appointment

Plaintiff's third argument for remand contends that the ALJ was unconstitutionally appointed. She bases her argument on *Lucia v. Securities and Exchange Comm'n*, 138

S.Ct. 2044 (2018), which held that "only the President, a court of law, or a head of a department" can appoint inferior officers within the meaning of the Appointments Clause. *Id.* at 2051. It is undisputed that Plaintiff did not assert that the ALJ was unconstitutionally appointed at any point in the administrative process. (Doc. 15 at 9-12; Doc. 17 at 4).

"'[O]ne who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." *Id.* at 2055 (quoting *Ryder v. United States*, 515 U.S. 177, 182-83 (1995)). The plaintiff in *Lucia* was entitled to relief because he "made just such a timely challenge." *Lucia*, 138 S.Ct at 2055. Because Plaintiff failed to timely challenge the constitutional validity of the ALJ's appointment, the Court rejects Plaintiff's final argument for remand. *See*, *e.g.*, *Samuel F. v. Berryhill*, No. CV 17-7068-JPR, 2018 WL 5984187, at *2 (C.D. Cal. Nov. 14, 2018) ("[T]o the extent *Lucia* applies to Social Security ALJs, Plaintiff has forfeited the issue by failing to raise it during [her] administrative proceedings.") (citing *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) (plaintiff forfeits issues not raised before ALJ or Appeals Council).

### F. Remand for Further Proceedings is Appropriate

"A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin,* 808 F.3d 403, 407 (9th Cir. 2015) (citations and internal quotation marks omitted). A district court may remand directly for an award of benefits only when: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ failed to provide legally sufficient reasons for rejecting evidence; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if these requirements are met, the court retains "flexibility" to remand "on an open record for further proceedings when the record as a

whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Dominguez*, 808 F.3d at 407-08.

Here, the ALJ failed to provide specific and legitimate reasons supported by substantial evidence in the record for assigning reduced weight to Dr. Jones' opinions. The Court concurs with Plaintiff that it is appropriate to remand this matter to the Commissioner for further proceedings as it is not clear whether Plaintiff would be precluded from working even if Dr. Jones' opinions were credited-as-true. (Doc. 14 at 15).

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding for further administrative proceedings. The ALJ shall issue a new decision that is consistent with the applicable law as set forth in this Order. The ALJ, however, is not precluded from reopening the hearing to receive additional evidence if deemed appropriate. The Clerk of Court shall enter judgment accordingly.

Dated this 19th day of February, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge